# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | : | Case No. 05-301 |
| | : | |
| | : | On appeal from the United States |
| BARBARA YATES, | : | Bankruptcy Court, Southern |
| | : | District of Ohio, Western Division |
| | : | (Judge Thomas F. Waldron) |
| Debtor. | : | |

-------------------------------------------------x-------------------------------------------------

| | |
|---|---|
| BARBARA YATES, | : |
| | : |
| Plaintiff-Appellant, | : |
| | : |
| JP MORGAN CHASE BANK, N.A. | : |
| SUCCESSOR TO BANKONE | : |
| | : |
| Defendant-Appellee. | : |

**BRIEF OF DEFENDANT-APPELLEE JPMORGAN CHASE BANK, N.A., SUCCESSOR BY MERGER TO BANK ONE, N.A., IN OPPOSITION TO APPELLANT'S BRIEF IN SUPPORT OF A REVERSAL OF ABSTENTION RULING**

Now comes Defendant-Appellee JP Morgan Chase Bank, N.A., successor by merger to Bank One, N.A. ("Appellee"), by and through counsel, and hereby submits its Appellee's Brief in opposition to the reversal of the bankruptcy court's abstention ruling requested by Plaintiff-Appellant Barbara Yates ("Appellant").

1386067v1

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................... ii

I.    STATEMENT OF THE BASIS OF APPELLATE JURISDICTION ................................1

II.    STATEMENT OF THE ISSUES PRESENTED.................................................................1

III.    STATEMENT OF THE APPLICABLE STANDARD OF APPELLATE REVIEW ........................................................................................................................2

IV.    STATEMENT OF THE CASE...............................................................................................2

V.    ARGUMENT............................................................................................................................4

    A.    Standard for Voluntary Abstention. ...........................................................................4

        1.    Voluntary Abstention is appropriate in both core and non-core cases. ...............................................................................................................6

        2.    Appellant has not demonstrated that this case involved a core matter. ..............................................................................................................6

    B.    The Bankruptcy Court Did Not Abuse Its Discretion In Voluntarily Abstaining In This Case. ..............................................................................................8

        1.    Appellant has failed to establish an abuse of discretion. ............................8

            a.    Comparisons between *Baldwin* and this case. ................................9

            b.    Meaningful analysis of the abstention standard.............................9

            c.    Application of the appropriate standards. ......................................10

        2.    The bankruptcy court's decision to voluntarily abstain was in fact proper. .............................................................................................................10

VI.    CONCLUSION......................................................................................................................12

CERTIFICATE OF SERVICE ...............................................................................................14

## TABLE OF AUTHORITIES

Page

**CASES**

*Barlow v. M.J. Waterman & Assocs. (In re M.J. Waterman & Assocs.)*, 227 F.3d 604 (6th Cir. 2000) ................................................................................................................ 2

*Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598 (6th Cir. 2005) ....................................... 2

*Bristol Res. 1994 Acquisition Ltd. P'ship v. NI Fuel Co. (In re Bristol Res. 1994 Acquisition Ltd. P'ship)*, 333 F.3d 608 (5th Cir. 2003).......................................................... 1

*Christo v. Padgett*, 223 F.3d 1324, 1332 (11th Cir. 2000) ............................................................. 1

*Cody, Inc. v. County of Orange (In re Cody, Inc.)*, 338 F.3d 89 (2d Cir. 2003) ............................ 1

*Dayton Title Agency, Inc. v. Wright (In re Dayton Title Agency, Inc.)*, 304 B.R. 323 (Bankr. D. Ohio 2004) ................................................................................................... 6

*Eastport Assocs. v. City of Los Angeles*, 935 F.2d 1071 (9th Cir. 1991)....................................... 5

*Farm Credit Services of Mid-America, ACA v. Runyan*, 1999 Ohio App. LEXIS 2397 (Ohio 2nd App. Dist, 1999).............................................................................................. 7

*Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913 (E.D. Cal. 1995) ............. 5

*Ignash v. First Service Federal Credit Union*, 2002 Ohio 4395 (Ohio 10th App. Dist., 2002) ...... 6

*In re Nationwide Roofing & Sheet Metal, Inc.*, 130 B.R. 768 (Bankr. S.D.Ohio 1991)........ passim

*Kalb v. Feuerstein*, 308 U.S. 433 (1940) ....................................................................................... 9

*Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003) ........................................................................ 2

*Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, 2003 U.S. App. LEXIS 27926 (6th Cir. 2003) (citing 28 U.S.C. § 1334(d)) ................................................................................... 1

*Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293 (6th Cir. 2005)............................................. 9, 10

**STATUTES**

15 U.S.C. § 1640(e) ...................................................................................................................... 10

28 U.S.C. § 1334(b) ........................................................................................................................ 8

28 U.S.C. § 1334(c)(1).............................................................................................................passim

28 U.S.C. § 1334(d) ........................................................................................................................ 1

28 U.S.C. § 157(b)(2) .......................................................................................................... 7

28 U.S.C. § 157(b)(2)(C) ..................................................................................................... 5

28 U.S.C. § 158(a) ............................................................................................................... 1

28 U.S.C. §§ 158(d), 1291 ................................................................................................... 1

28 U.S.C. §§ 158(d), 1292 ................................................................................................... 1

**RULES**

Civ.R. 8(C) .......................................................................................................................... 6

Civ.R. 12(B) ........................................................................................................................ 6

Civ.R. 15 ............................................................................................................................. 7

I.     STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

Appellant seeks this Court's review and reversal of the bankruptcy court's decision to abstain from hearing state-law claims asserted in the appellant's adversary proceeding. The parties agree that the bankruptcy court abstained from hearing the appellant's claims pursuant to 28 U.S.C. § 1334(c)(1). *See* Appellant's Brief (Doc. 4), p. 1. However, a decision to voluntarily remand generally is not reviewable by appeal or otherwise. *See Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, 2003 U.S. App. LEXIS 27926 (6th Cir. 2003) (citing 28 U.S.C. § 1334(d)); *see also, Cody, Inc. v. County of Orange (In re Cody, Inc.)*, 338 F.3d 89, 97 (2d Cir. 2003); *Bristol Res. 1994 Acquisition Ltd. P'ship v. NI Fuel Co. (In re Bristol Res. 1994 Acquisition Ltd. P'ship)*, 333 F.3d 608, 611 (5th Cir. 2003); *Christo v. Padgett*, 223 F.3d 1324, 1332 (11th Cir. 2000). Indeed, Section 1334(d) provides that a decision to abstain under Section 1334(c)(1) is not reviewable by courts of appeal under 28 U.S.C. §§158(d), 1291, or 1292. *See* 28 U.S.C. § 1334(d). To the extent Appellant seeks to invoke appellate jurisdiction under these sections, the bankruptcy court's decision to abstain from exercising jurisdiction under 28 U.S.C. § 1334(c)(1) may not be reviewed on appeal.

To the extent Appellant attempts to invoke appellate jurisdiction under 28 U.S.C. § 158(a), Appellant has not established that this case satisfies any of the provisions under subsections (1), (2), or (3) of 28 U.S.C. § 158(a). Because Appellant has not even suggested that jurisdiction is appropriate under any of these subsections, this Court may dismiss this case for lack of jurisdiction.

II.    STATEMENT OF THE ISSUES PRESENTED

To the extent this Court determines that it has jurisdiction in this case, the only issue on appeal is whether the bankruptcy court's voluntary abstention of Plaintiff's adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) was an abuse of discretion. However, in her brief, Appellant

1386067v1

also seems to address the application of the *Rooker-Feldman* doctrine.  This issue was not referenced in Appellant's Notice of Appeal or its Statement of Content and Issues on Appeal and was not decided by the bankruptcy court in its ruling on voluntary abstention.  Thus, the issue of whether the *Rooker-Feldman* doctrine is applicable in this case is not properly before this Court.

### III.   STATEMENT OF THE APPLICABLE STANDARD OF APPELLATE REVIEW

To the extent this Court determines that it has jurisdiction in this case, review of the bankruptcy court's decision to abstain under § 1334(c)(1) would be for abuse of discretion.  Under this standard, the bankruptcy court's determination is reversible error only if this Court finds "a definite and firm conviction" that the bankruptcy court "committed a clear error of judgment."  *See Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005) (quoting *Leary v. Daeschner*, 349 F.3d 888, 904 (6th Cir. 2003)).  "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion."  *Barlow v. M.J. Waterman & Assocs. (In re M.J. Waterman & Assocs.)*, 227 F.3d 604, 607 (6th Cir. 2000).

### IV.   STATEMENT OF THE CASE

In connection with a residential mortgage loan (the "Loan"), Appellant and her sister, Catherine Yates (collectively, the "Yateses"), executed and delivered to Approved Federal Savings Bank ("Approved") a promissory note in the principal amount of $54,000 on or about December 20, 1999 (the "Note").  A copy of the Note is attached to Appellant's Complaint (Ex. 5 to Record on Appeal (Doc. 1)) as Exhibit A.  The Yateses also executed and delivered to Approved an open-end mortgage (the "Mortgage") to secure repayment of the Note.  A copy of the Mortgage is attached to Appellant's Complaint (Ex. 5 to Record on Appeal (Doc. 1)) as Exhibit B.  The Loan was subsequently assigned to Appellee.

2

1386067v1

After Appellee was assigned the Loan, the Yateses defaulted on their monthly payment obligations due under the Note. As a result, Appellee filed a foreclosure complaint against the Yateses on or about May 21, 2004 in the Common Pleas Court of Montgomery County, seeking judgment on the Note and foreclosure on the Mortgage. On or about June 2, 2004, Attorney John I. Brichacek filed an Answer on behalf of Appellant and her sister. The Yateses' Answer admitted that Appellee was the holder of the note, and denied the remaining allegations in the Complaint for lack of knowledge. Importantly, Appellant never asserted the affirmative defense of recoupment, and never asserted any counterclaims for alleged violations of the Truth in Lending Act ("TILA").

On September 30, 2004, Appellee filed a Motion of Plaintiff for Summary Judgment with Supporting Affidavit in the foreclosure case. As Appellant acknowledges, the Yateses did not respond to the motion for summary judgment. *See* Appellant's Complaint, Ex. 5 to Record on Appeal (Doc. 1), ¶ 39-40. Based on the Yateses' failure to respond to the motion for summary judgment, the state court entered a Judgment Entry and Foreclosure Decree on or about October 14, 2004. A copy of the Judgment Entry and Foreclosure Decree is attached to Appellant's Complaint (Ex. 5 to Record on Appeal (Doc. 1)) as Exhibit I. The judgment entry expressly found that there was due to Appellee on the Note the sum of $56,067.02 together with interest at the rate of $15.25 per diem from October 15, 2003, plus advances, if any.

On October 19, 2004, Appellant filed a Chapter 13 bankruptcy petition. On March 1, 2005, Appellant filed the adversary proceeding that is at issue in this appeal. *See* Copy of Docket Sheet-Case # 05-3086, Ex. 1 to Record on Appeal (Doc. 1). After failing to raise the affirmative defense of recoupment or any counterclaims in the foreclosure case, Appellant attempted to assert affirmative claims through an adversary proceeding against Appellee, as

3

assignee, alleging violations of TILA in connection with the origination of the Note and Mortgage. *See id.* at ¶ 51-65. Appellee responded by filing a motion to dismiss for failure to state a claim upon which relief can be granted.

Following the briefing of Appellee's motion to dismiss, the bankruptcy court requested additional briefing on whether voluntary abstention would be appropriate in this case. At the hearing on this issue, the bankruptcy court entered an oral decision to abstain from exercising jurisdiction over Appellant's claims, as authorized under 28 U.S.C. § 1334(c)(1). *See* Order Determining Abstention, Ex. 12 to Record on Appeal (Doc.1). The bankruptcy court never addressed the merits of Appellant's causes of action or the arguments raised in Appellee's motion to dismiss. Rather, Judge Waldron held that the state law and non-bankruptcy federal law issues predominated and that voluntary abstention is appropriate in this case. Appellant has brought the instant appeal to determine whether the bankruptcy court's voluntary abstention was an abuse of that court's discretion.

## V.     ARGUMENT

### A.     Standard for Voluntary Abstention.

As Appellant admits, Judge Waldron authored the seminal case outlining the appropriate analysis for voluntary abstention to be applied by the U.S. Bankruptcy Courts for the Southern District of Ohio. *See In re Nationwide Roofing & Sheet Metal, Inc.*, 130 B.R. 768 (Bankr. S.D.Ohio 1991). As noted therein, a non-exclusive listing of the factors that courts consider in determining whether to abstain under § 1334(c)(1) include:

1. the effect or lack of effect on the efficient administration of the estate if a court abstains;
2. the extent to which state law issues predominate over bankruptcy issues;
3. the difficulty or unsettled nature of the applicable state law;
4. the presence of a related proceeding commenced in state court or other nonbankruptcy court;
5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

1386067v1

6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
7. the substance rather than form of an asserted "core" proceeding;
8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
9. the burden of this court's docket;
10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
11. the existence of a right to a jury trial;
12. the presence in the proceeding of nondebtor parties; and
13. any unusual or other significant factors.

*In re Nationwide Roofing & Sheet Metal, Inc.*, 130 B.R. at 772-781.

Although these factors guide the bankruptcy court's discretion, "one should not be beguiled into a false sense that a head count will yield the answer with mathematical certainty. Rather, the list serves to provide an intellectual matrix to guide the judge who considers abstention and to enable a reviewing court to ascertain whether there has been an abuse of discretion." *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913, 928 (E.D. Cal. 1995) (citing *Eastport Assocs. v. City of Los Angeles*, 935 F.2d 1071, 1075 (9th Cir. 1991)). Accordingly, there is no requirement that the bankruptcy court exercise its discretion in a manner that yields a thorough recitation of each factor's applicability (or non-applicability).

Appellant admits that the standard articulated by Judge Waldron in *Nationwide* is the appropriate standard to be applied in determining voluntary abstention. *See* Appellant's Brief (Doc. 4), p. 6. However, Appellant later argues that a heightened standard should be applied in cases involving core proceeding. *See id.* at 8. Because Appellant contends that her claims against Appellee are really "recoupment counterclaims," Appellant argues the adversary proceeding is a core matter under 28 U.S.C. § 157(b)(2)(C). *Id.* at p. 12. Based on this assertion, Appellant concludes that cases such as this "are to be heard by bankruptcy courts." *Id.*

5

Unfortunately for Appellant, this conclusion is not supported by the facts of this case, or the applicable law.

### 1. Voluntary Abstention is appropriate in both core and non-core cases.

As an initial matter, even if Appellant could demonstrate that this proceeding is a core matter, Appellant has cited no case law that obligates a bankruptcy court to exercise jurisdiction over the case. Rather, the plain language of 28 U.S.C. § 1334(c)(1) clearly indicates that bankruptcy courts have the discretion to abstain from any "proceeding arising under title 11 or arising in or related to a case under title 11." *See* 28 U.S.C. § 1334(c)(1). Thus, even if Appellant can demonstrate that this case is a core matter, the bankruptcy court has the discretion to abstain from exercising jurisdiction in the interests of justice, comity, or respect for State law. *See Dayton Title Agency, Inc. v. Wright (In re Dayton Title Agency, Inc.)*, 304 B.R. 323, 329 (Bankr. D. Ohio 2004) ("Voluntary, or permissive, abstention is available in both core and non-core proceedings.").

### 2. Appellant has not demonstrated that this case involved a core matter.

Further, Appellant has failed to demonstrate that this proceeding is a core matter. In fact, Appellant's own allegations and assertions demonstrate that this proceeding is non-core. Although Appellant contends that her claims are actually "recoupment counterclaims," Appellant admits that she filed an answer in the foreclosure action, but did not assert an affirmative defense for recoupment. Under Ohio law, recoupment is an affirmative defense that is waived if not raised in an answer. *See Ignash v. First Service Federal Credit Union*, 2002 Ohio 4395, *P26 (Ohio 10th App. Dist., 2002).

A defendant may raise an affirmative defense: "(1) by setting forth the defense in a motion filed pursuant to Civ.R. 12(B); (2) by affirmatively setting forth the defense in a responsive pleading pursuant to Civ.R. 8(C); or (3) by amending one's responsive pleading

pursuant to Civ.R. 15, so as to include such defense." *Farm Credit Services of Mid-America, ACA v. Runyan*, 1999 Ohio App. LEXIS 2397, *7 (Ohio 2nd App. Dist, 1999) (unreported). Failure to raise a defense by one of these methods will result in waiving that defense. *Id.* In this case, Appellant admits that she did not raise the affirmative defense of recoupment in the state court proceedings. Indeed, as is clear from her pleadings, Appellant has never asserted recoupment as an affirmative defense in any of the methods described in *Runyan*. Thus, Appellant has waived any affirmative defense of recoupment under Ohio law and is barred from asserting any recoupment claims in this case.

Moreover, Appellee's claim in the Chapter 13 case has already been reduced to judgment. Importantly, this is not a case in which the amount of Appellee's claim is in dispute. Appellant acknowledges that the state court's Judgment Entry and Foreclosure Decree was entered in the state court case. That decision, which Appellant attached to her Adversary Complaint as Exhibit I, found that Chase is owed $56,067.02, together with interest at the rate of $15.25 per diem from October 15, 2003, plus advances, if any. As Appellant acknowledges multiple times, she does not seek to challenge or reverse that state court judgment. *See* Appellant's Brief (Doc. 4), p. 19-20. Because Appellant's proof of claim in the bankruptcy case is based upon the state court judgment entry, the amount of Appellee's claim in Appellant's bankruptcy case is conclusively established.

For these reasons, despite Appellant's attempts on appeal to reclassify her claims as recoupment counterclaims filed in response to Appellee's proof of claim in the Chapter 13 case, Appellant's Complaint really seeks affirmative relief under TILA. Because affirmative claims for damages under TILA are not considered core matters under 28 U.S.C. § 157(b)(2), Appellant's adversary proceeding is a non-core matter.

7

Therefore, the appropriate standard for determining evaluating voluntary abstention is set forth in the *Nationwide Roofing* case. Appellant's suggestion that a heightened standard for core matters should be applied in this case should be rejected.

### B. The Bankruptcy Court Did Not Abuse Its Discretion In Voluntarily Abstaining In This Case.

Although Judge Waldron found that the bankruptcy court had jurisdiction to consider Appellant's alleged cause of action against Appellee under 28 U.S.C. § 1334(b), Judge Waldron decided to voluntarily abstain from exercising that jurisdiction in this case under 28 U.S.C. § 1334(c)(1). In making this decision, Judge Waldron expressly found that the predominant issues raised in Appellant's Adversary Complaint were "merit determinations required under applicable federal statutes" and the "available state court remedies and defenses." *See* Transcript of Hearing, Ex. 16 to Record on Appeal (Doc. 1), p. 17-18. While Judge Waldron acknowledged that the bankruptcy court could consider these non-bankruptcy issues, Judge Waldron found that "the state court is exactly the court to determine [Appellant's claims]." *Id.* at p. 18. Based on these findings, and cross-referencing each of the reasons set forth in the oral decision in the *Baldwin* case, Judge Waldron concluded that voluntary abstention was appropriate in this case. *Id.* at p. 20. Because Appellant has failed to demonstrate that this decision was an abuse of discretion, this Court should affirm the bankruptcy court's decision.

#### 1. Appellant has failed to establish an abuse of discretion.

In support for her arguments that the bankruptcy court abused its discretion in voluntarily abstaining from exercising jurisdiction in this case, Appellant argues that 1) the court failed to make a meaningful analysis of abstention, 2) the court drew improper comparisons between the *Baldwin* case and this case, and 3) the court misapplied the appropriate standard. *See* Appellant's Brief (Doc. 4), p. 11-19. The Record on Appeal does not support any of these arguments.

8

### a. Comparisons between *Baldwin* and this case.

As an initial matter, Appellant has failed to establish that the bankruptcy court drew improper comparisons between *Baldwin* and this case. As this Court is aware, no documents related to the *Baldwin* case have been included in the Record on Appeal in this case. *See* Record on Appeal (Doc. 1). Although Appellant repeatedly cites to the transcript of the *Baldwin* decision, neither Appellant nor Appellee designated the *Baldwin* transcript as part of the Record on Appeal. *See* Appellant Designation and Appellee Designation, Ex. 18 and 20 to Record on Appeal (Doc. 1). Further, Appellant has not requested that the *Baldwin* transcript be added to the Record on Appeal, even though Appellant moved for leave to amend Appellant's Statement of Content and Issues on Appeal. *See* Motion to Amend Appellant's Statement of Content and Issues on Appeal (Doc. 5). Therefore, the transcript of the Court's decision in *Baldwin* is not properly before this Court. Absent evidence to the contrary, this Court must presume regularity in the trial court below. *See Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 300 (6th Cir. 2005) (citing *Kalb v. Feuerstein*, 308 U.S. 433 (1940)). As such, Appellant has presented no evidence to demonstrate that the bankruptcy court drew improper comparisons between the *Baldwin* case and this case.

### b. Meaningful analysis of the abstention standard.

In support of her argument that the bankruptcy court did not conduct a meaningful analysis of the abstention standard, Appellant argues that the bankruptcy court should have applied the facts of this case to each of the abstention criteria set forth in *Nationwide Roofing*. *See* Appellant's Brief (Doc. 4), p. 10-13. However, as Appellant acknowledges, the bankruptcy court expressly incorporated by reference its analysis articulated in the *Baldwin* decision. *See* Transcript of Hearing, Ex. 16 to Record on Appeal (Doc. 1), p. 20. Because Appellant has failed to include the *Baldwin* transcript as part of the Record on Appeal, the analysis set forth in

9

the *Baldwin* decision is not before this Court. Again, assuming regularity in the trial court, this Court has no basis upon which to conclude that the bankruptcy court failed to conduct a meaningful analysis of the *Nationwide Roofing* criteria. *Twin City Fire Ins. Co.*, 400 F.3d at 300.

### c.     Application of the appropriate standards.

Finally, Appellant argues that the bankruptcy court misapplied the standards set forth in *Nationwide Roofing*. Again, this Court cannot fully evaluate the bankruptcy court's analysis without reference to the *Baldwin* decision. Because the *Baldwin* transcript is not part of the Record on Appeal, Appellant has failed to establish that the bankruptcy court misapplied the *Nationwide Roofing* criteria.

### 2.     The bankruptcy court's decision to voluntarily abstain was in fact proper.

Even if this Court does review the bankruptcy court's decision in conjunction with the transcript of the *Baldwin* decision (which is not part of the Record on Appeal and which is not properly before this Court), the bankruptcy court's analysis of the issues set forth therein demonstrates that the bankruptcy court *properly* exercised its discretion in deciding to abstain in this case.

As an initial matter, Judge Waldron found that important non-bankruptcy threshold issues must be resolved before the bankruptcy court could even reach the merits of Appellant's claims. Because any non-recoupment claims against Appellee are barred by the applicable statute of limitations, *see* 15 U.S.C. § 1640(e), the bankruptcy court recognized that important state law issues regarding the application of waiver, claim preclusion, and recoupment present significant threshold issues that must be considered before any court could reach the substantive merit determination of Appellant's claims. *See* Transcript of Hearing, Ex. 16 to Record on Appeal (Doc. 1), p. 19. In addition, because the state court has already entered a decision determining

10

the exact amount due to Appellee under the note, the bankruptcy court noted that an additional issue that was present in this case was whether the *Rooker-Feldman* doctrine would bar a federal court from entering a decision that effectively reverses the state court decision.  *See* Transcript of Hearing, Ex. 16 to Record on Appeal (Doc. 1), p. 19.  Neither of these threshold issues requires application of bankruptcy law or consideration by the specialized bankruptcy court.  Accordingly, for this reason alone, Judge Waldron decision to voluntarily abstain from exercising his jurisdiction over this case was within his discretion.

Even if Appellant could overcome the non-bankruptcy threshold issues, the bankruptcy court found that the underlying claims in Appellant's Complaint required a merit determination of predatory lending claims.  *See* Transcript of Hearing, Ex. 16 to Record on Appeal (Doc. 1), p. 17.  In his decision in *Baldwin*, Judge Waldron had already analyzed this issue in detail, and announced his decision not to exercise jurisdiction over this class of claims.  In that decision, Judge Waldron expressly found that the bankruptcy court is obligated to "devote all available judicial resources to bankruptcy issues that [the bankruptcy] court exclusively can determine and not to non-bankruptcy issues that can be more appropriately determined in non-bankruptcy courts."  *Baldwin* Transcript, p. 45.  The court noted that this finding does not deprive litigants from litigating non-bankruptcy issues: "it merely requires them to chose among a number of available non-bankruptcy courts, the non-bankruptcy court they wish to have consider their non-bankruptcy issues."  *Id.*

In comparing the predatory lending claims raised in this case to the claims at issue in *Baldwin*, the Judge Waldron concluded that there was "no significant legal distinction between this case and [the *Baldwin* case] with regard to this issue."  *See* Transcript of Hearing, Ex. 16 to Record on Appeal (Doc. 1), p. 16-17.  Rather, just as in the *Baldwin* case, Appellant's claims

seek relief under non-bankruptcy predatory lending statutes. Because Judge Waldron had already determined that he would not expend the bankruptcy court's finite resources on litigation that raised non-bankruptcy issues, Judge Waldron determined that voluntary abstention was appropriate in this case. *Id.* at 20.

In support of this conclusion, Judge Waldron cross-referenced his analysis in the *Baldwin* decision in which he expressly considered each of the *Nationwide Roofing* factors. *Id.* Although Appellant represents to this Court that the *Baldwin* decision only addressed two of the thirteen *Nationwide Roofing* criteria, *see* Appellant's Brief (Doc. 4), p. 13-14, the actual transcript of the decision demonstrates that the *Baldwin* court went through each of the relevant factors. *See Baldwin* Transcript, p. 48- 51. Without restating the court's complete analysis, each of the reasons set forth in *Baldwin* favoring abstention are equally applicable in this case. Thus, by cross-referencing this analysis, Judge Waldron appropriately considered the relevant criteria before making the determination to abstain in this case. This was the sound exercise of discretion by Judge Waldron, not the abuse of it.

## VI. CONCLUSION

For each of the foregoing reasons, Appellee respectfully requests that this Court dismiss Appellant's appeal in this case and AFFIRM the bankruptcy court's decision to voluntarily abstain from exercising jurisdiction over Appellant's claims.

Respectfully submitted,


/s/ Justin W. Ristau
Kenneth C. Johnson        (0022021)
Justin W. Ristau          (0075222)
BRICKER & ECKLER LLP
100 S. Third Street
Columbus, Ohio 43215
Telephone: 614/227-2300
Fax:  614/227-2390
kjohnson@bricker.com
jristau@bricker.com
Attorneys for Defendant-Appellee JP Morgan Chase Bank, N.A., successor by merger to Bank One, N.A.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of December, 2005, a copy of the foregoing BRIEF OF DEFENDANT-APPELLEE JPMORGAN CHASE BANK, N.A., SUCCESSOR BY MERGER TO BANK ONE, N.A. IN OPPOSITION TO REVERSAL OF ABSTENTION RULING was filed electronically.  The following parties will be served on this day either via operation of the Court's electronic filing system or via ordinary mail service, as indicated below. Parties may access this filing through the Court's system.

**Via Electronic Service:**

Charles J. Roedersheimer

/s/  Justin W. Ristau
Justin W. Ristau            (0075222)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio  43215
Telephone: (614) 227-2300
Facsimile:  (614) 227-2390
Email: jristau@bricker.com